Hely, J.
*622 A.Age Discrimination (Counts I and II)
In ruling on this summary judgment motion the court has applied the summary judgment principles stated in Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991). With respect to the illegal employment discrimination claims, the court has applied the principles summarized in cases such as Brunner v. Stone & Webber Engineering Corp., 413 Mass. 698, 703-05 (1992), McKenzie v. Brigham & Women’s Hospital, 405 Mass. 432, 437-38 (1989), and White v. University of Massachusetts at Boston, 410 Mass. 553, 557 (1991).
The defendant has presented extensive summary judgment evidence of unsatisfactory work performance including numerous errors by the plaintiff in the two new positions she was assigned to between February 1991, and September 25, 1991. On September 25, 1991, the plaintiff was notified that her employment was terminated.
The plaintiff was forty-five when her employment ended. To support her age discrimination claim she relies primarily on an age-related comment by Herbert Rothstein in December 1990, a later statement by Rothstein that the plaintiff was as old as he, and the involuntary termination of a number of other employees over forty between the spring of 1989 and May 1991.
The plaintiff did not report to or have any direct contact with Rothstein between June 1991, and her discharge. In her last three months with Converse she was reporting to Kathleen Loffredo. Loffredo and Mary Kenney were the only persons who participated in the decision to fire her.
The plaintiff has shown no evidence that the termination of any of the other employees over forty was based on illegal age discrimination rather than legitimate factors.
Rothstein’s remark about older people was about nine months before the plaintiffs termination, and Rothstein was not involved in supervising her in her last three months of employment. See Johansen v. NCR Comten, Inc., 30 Mass.App.Ct. 294, 302 (1991). The summary judgment materials show that the plaintiff has no reasonable expectation of proving that she performed her job at an acceptable level between February and September 1991. See White, supra, 410 Mass. at 557. The summary judgment materials also show that she has no reasonable expectation of proving that the employer’s evidence of unsatisfactory job performance in this period was a pretext and that but for her age she would not have been terminated. McKenzie, supra, 405 Mass. at 437; Brunner, supra, 413 Mass. at 705.
B.Handicap Discrimination (Counts III and IV)
The summary judgment materials show that an absence of evidence that the plaintiff was capable of performing the essential functions of the particular job to which she had been assigned. There is no evidence that she requested reasonable accommodation for a handicap. G.L.c. 151B, §1, par. 16, 17. There is no summary judgment evidence that either the plaintiff or the defendants considered the plaintiff to be handicapped during her employment. There is no summary judgment evidence that the defendants were ever informed that the plaintiff had a physical or mental impairment that substantially limited a major life activity or that they ever regarded the plaintiff as having such an impairment.
C. Interference with Advantageous Relationship
The summary judgment materials demonstrate that the plaintiff has no reasonable expectation of proving that the conduct of Rothstein, Loffredo, or Kenney was based on an improper motive or used an improper means. Brunner, supra, 413 Mass. at 705-06.
D. Breach of Contract and Negligent Performance of Evaluation (Count V-2 and Count VII)
The summary judgment materials establish that the plaintiffs relationship with Converse was an employment at will. Such employment is “terminable by either the employee or the employer without notice, for almost any reason or for no reason at all.” Wright v. Shriners Hospital for Crippled Children, 412 Mass. 469, 472 (1992); Jackson v. Action for Boston Community Development, Inc., 403 Mass. 8, 9 (1988). The summary judgment materials show that the plaintiff has no reasonable expectation of proving a contract for permanent employment. The plaintiff may have hoped for or even expected permanent employment, but Converse was under no contract obligation to treat the plaintiff as anything but an employee at will. O’Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905 (1993).
Even assuming that Converse had a contract duty not to discharge the plaintiff except for just cause, the summary judgment materials show an absence of evidence that the plaintiff was performing her duties in a satisfactory manner in her last seven months on the job.
The summary judgment materials likewise demonstrate an absence of evidence that the defendants had a contract duty or other enforceable legal duty to the plaintiff with respect to the manner in which they performed her evaluation.
E.Negligent Infliction of Emotional Distress (Count VI)
The defendants are entitled to summary judgment on the claim of negligent infliction of emotional distress. Stress is inherent in many employment situations, especially those involving negative criticism or discharge. The law has not imposed on employers a legally enforceable duty to use reasonable care to prevent employees from experiencing stress in such situations. See Wright, supra Upon a review of the *623 Massachusetts cases on negligent infliction of emotional distress and employment at will, the court concludes that as a matter of law this cause of action cannot be maintained on the basis of a negative performance evaluation or a discharge. Cf. Payton v. Abbott Labs, 386 Mass. 540, 556-57 (1982); Sullivan v. Boston Gas Co., 414 Mass. 129, 133-38 (1993). The plaintiff has cited no Massachusetts case permitting this cause of action in these circumstances.
F. Order
The defendants’ motion for summary judgment is allowed, and judgment will enter for the defendants.