Brassard, J.
Plaintiff Salvatore Nicosia brought this action against MoynihanNorth Reading Lumber, Inc. (“Moynihan Lumber”), alleging unlawful discrimination against him for exercising rights under G.L.c. 152, §75b(2), and intentional infliction of emotional distress. The matter is before the court on Moynihan Lumber’s motion for summary judgment and motion to strike portions of the affidavit of Salvatore Nicosia. For reasons stated, both motions are granted in part and denied in part.
BACKGROUND
For the purposes of the motion for summary judgment, the following facts are undisputed:
Nicosia was an employee of Moynihan Lumber on August 27,1991, when a pile of metal racks collapsed on him at work, causing the tip of his fourth right finger to be amputated. On March 10,1992, an administrative law judge of the Industrial Accident Board found for redeeming liability by a lump sum settlement under the Worker’s Compensation statute in the amount of $30,000.00.
Shortly after the accident, Moynihan Lumber had terminated Nicosia from employment. When Nicosia was able to return to work, shortly after the decision by the Industrial Accident Board, he approached Rita Mullin, a member of Moynihan Lumber’s management, and asked for his position back. Mullin replied that Moynihan Lumber would not rehire Nicosia because of the trouble he caused with the Worker’s Compensation claim, and she laughed. Nicosia asked for his former job on two other occasions and was rejected. Almost immediately after Moynihan Lumber refused to rehire him, Nicosia began to lose sleep, lost his appetite, and experienced a significant loss of shortterm memory. Moynihan Lumber did not hire anyone in a position comparable to that which had been held by Nicosia until April 1994, nearly two years after Nicosia had inquired about returning, and after he had told Mullin he was moving to Florida.
Nicosia brought this action alleging that Moynihan Lumber violated G.L.c. 152 by discriminating against him for bringing a Worker’s Compensation claim, and that Moynihan Lumber intentionally inflicted emotional distress upon him. Moynihan Lumber brought a motion for summary judgment. Nicosia opposes this motion, and included in his opposition an affidavit. Moynihan Lumber responded with a motion to strike certain paragraphs of this affidavit. The motion for summary judgment and the motion to strike are currently before the Court.
DISCUSSION
1. Motion to Strike
Mass.R.Civ.P. 56(e) requires that affidavits opposing motions for summary judgment “shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein ...”
a. Paragraph 11
Paragraph 11 of Nicosia’s affidavit states: “When I discovered that Moynihan Lumber was advertising for my former position, I approached them and asked for my position back. Again they refused with the clear implication that I had caused them too much trouble with the Workmen’s Compensation case.” Moynihan Lumber objects to this paragraph in that Nicosia relies on it to prove that Moynihan Lumber placed a newspaper advertisement to fill Nicosia’s position. Moyni-han Lumber asserts that the statement violates the rule against hearsay and the best evidence rule.
Under the best evidence rule, in order to permit proof by secondary evidence of the contents of a writing, the Court must make preliminary findings that the original was unavailable and that a reasonable search had been made for it. Fauci v. Mulready, 337 Mass. 532, 540 (1958). Here, Nicosia has offered no evidence that he made a reasonable search for the newspaper advertisement. Therefore, he may not testify as to its contents, and I strike that portion of paragraph 11 which refers to the advertisement.
b. Paragraphs 15, 16 and 17
Paragraphs 15 through 17 of Nicosia’s affidavits state: “15. I was treated by Dr. Heck, a psychiatrist. 16. Dr. Heck suggested I go on medication for severe depression, he thought I was suicidal. 17.1 attribute my psychological problems to two factors, the breakup of my marriage and the treatment I received from Moynihan Lumber after they terminated my employment.”
Moynihan Lumber argues that the statements Nicosia attributed to Heck are inadmissible hearsay, that Heck’s diagnosis and Nicosia’s selfdiagnosis are inadmissible opinions absent expert testimony, and that *82 Nicosia waived the right to rely on his psychiatric records because he refused to comply with discovery requests regarding this treatment.
A statement is inadmissible hearsay if it was made out of court and is offered to prove the truth of what it asserted. Commonwealth v. DelValle, 351 Mass. 489, 491 (1966). Nicosia’s affidavit testimony that Heck thought Nicosia was suicidal is clearly hearsay, and I strike it from the record.
Findings of fact as to technical matters beyond the scope of ordinary experience are not warranted in the absence of expert testimony supporting such findings. See P. Liacos, Handbook of Massachusetts Evidence, §7.6, p. 373 (1994), and cases cited. Expert testimony is not always necessary to establish the psychological state of a witness. See Commonwealth v. Dockham, 405 Mass. 618, 62225 (1989) (holding that a judge does not require expert testimony to conclude that a child witness will be traumatized by testifying in court).
Nicosia asserted in Paragraph 17 of his affidavit that he had psychological problems and that he attributes them in part to the treatment he received from Moynihan Lumber. Earlier in the affidavit he referred to his inability to sleep, loss of appetite, and loss of memory. In these circumstance, “psychological problems” is not a technical term, and neither this nor his personal attribution of the cause of these problems is outside the realm of a juror’s knowledge. The statement is therefore admissible.
A party may resist discovery on the basis of privilege, but may not at the same time rely on the privileged communications of information as evidence at trial. G.S. Enterprises Inc. v. Falmouth Marine Inc., 410 Mass. 262, 271 (1991). Nicosia refused on the basis of privilege to cooperate with discovery regarding his psychiatric treatment. Therefore, he may not use the content of that treatment as evidence. He may not refer to anything Heck told him, including Heck’s recommendation that Nicosia take medication for severe depression. He may, however, refer to the fact that he was treated by a psychiatrist as the fact that he sought treatment is evidence of his own state of mind.
I therefore strike paragraph 16 of the affidavit, but not paragraphs 15 or 17.
c. Paragraph 18
Nicosia stated in part in paragraph 18 of the affidavit: “It was evident to me that the management of Moynihan Lumber took great pleasure in making a show of rejecting my request for reinstatement.” Moy-nihan Lumber seeks to strike this paragraph because it is not based on personal knowledge.
The rule that witnesses in describing conduct should tell what they saw and heard does not foreclose the use of words of summary description. Kane v. Fields Corner Grille, Inc., 341 Mass. 640, 647 (1961). Nicosia’s description of the emotional condition of Moynihan Lumber’s employees arise from his observation of their actions and words in his presence. I therefore decline to strike Nicosia’s statement in Paragraph 18.
2. Motion For Summary Judgment
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 1617 (1989). A party moving for summary judgment who does not have the burden of proof at trial, may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
a. G.L.c. 152, §75b(2)
G.L.c. 152, §75B(2) of the Worker’s Compensation statute states in relevant part; “No employer or duly authorized agent of an employer shall discharge, refuse to hire or in any other manner discriminate against an employee because the employee has exercised a right afforded by this chapter . . .”
I am unaware of any case interpreting the anti-discrimination portion of the Worker’s Compensation statute, so I turn to G.L.c. 151B, the Commonwealth’s general antidiscrimination statute, for guidance. Under G.L.c. 151B, a plaintiff alleging discrimination must show that he or she is a member of a protected class, that he or she can perform his job at an acceptable level but was not hired, and that the employer sought to fill the position by hiring another individual with qualifications similar to the plaintiffs. Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 441 (1995). Then the burden shifts to the defendant to articulate a nondiscriminatory reason for a hiring decision. Id. at 44041. If the defendant is able to articulate such a reason, the plaintiff then has the burden of showing that the actual motivation was discriminatory or that the articulated justification was a pretext. Id. at 44245. If the plaintiff submits evidence that the employer had mixed motives, and one of these motives was discriminatoiy, the employer must prove *83 that its decision was made only on the basis of legitimate criteria. Johansen v. NCR Comten, Inc. 30 Mass.App.Ct. 294 (1991).
I find that Nicosia has not met his burden of getting past the first stage of this analysis, because he has not submitted any admissible evidence that Moynihan Lumber sought to fill the position for which he was applying. Quite the contrary, it is undisputed that this position remained unfilled for a significant period of time.
As Nicosia has not met his burden on Count I, summary judgment must be granted to Moynihan Lumber on this count.
b. Intentional Infliction of Emotional Distress
In Count II of his complaint, Nicosia alleges that Moynihan Lumber employees intentionally inflicted emotional distress upon him by their humiliating conduct when he asked to return to his former position. Moynihan Lumber argues that such a claim is barred by G.L.c. 152, the Worker’s Compensation Act.
Under G.L.c. 152, §24, an employee waives his right of action at common law with respect to an injury compensable under the Worker’s Compensation Act. Injuries compensable under the Worker’s Compensation Act include personal injuries arising out of and in the course of employment. G.L.c. 152, §26. Intentional infliction of emotional distress arising principally out of a personnel action including a transfer, promotion, demotion, or termination is a personal injury under the statute. G.L.c. 152, §1(7A).
The undisputed evidence indicates that the emotional distress of which Nicosia complains did not arise out of or in the course of the employment relationship. Nicosia had been terminated prior to requesting to return to work. Thus, at the time of his request he was not in an employment relationship with Moynihan Lumber. Therefore, his claim is not barred by G.L.c. 152.
Finally, Moynihan Lumber argues that Nicosia has failed to submit admissible evidence that he actually suffered from severe emotional distress. A plaintiff may recover for intentional infliction of emotional distress when the defendant, by extreme and outrageous conduct and without privilege to do so causes severe emotional distress. Agis v. Howard Johnson Co., 371 Mass. 140, 144 (1976). The plaintiff must demonstrate that the defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of the conduct; that the conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community; that the defendant’s actions caused the plaintiffs distress; and that the plaintiffs distress was severe and of a nature that no reasonable person could be expected to endure it. Id. at 14445.
I find that Nicosia has submitted adequate evidence that he actually suffered from emotional distress. In an affidavit he testified that shortly after his interaction with Moynihan Lumber, he began to lose sleep, lost his appetite, and had a significant loss of his shortterm memory. He also testified at a deposition that Moyni-han Lumber’s treatment of him made him feel depressed and that he was “tossed aside”; This testimony is enough to allow Nicosia to go to a jury on the issue of intentional infliction of emotional distress. I therefore decline to grant summary judgment on Count II of the complaint.
ORDER
For the foregoing reasons, it is hereby ORDERED that MoynihanNorth Reading Lumber, Inc.’s motion to strike portions of the affidavit of Salvatore Nicosia be GRANTED as to paragraphs 11 and 16, and DENIED as to paragraphs 15, 17 and 18. It is further ORDERED that the motion of Moynihan North Reading Lumber, Inc. for summary judgment be GRANTED as to Count I and DENIED as to Count II.