Houston, J.
Plaintiff, Williams. Clemens (Clemens) has brought suit against defendant, Legg Mason Wood Walker, Inc. (Legg Mason) and its Investment Executive, Richard Dotolo (Dotolo), for allegedly discharging him from his employment based upon an employment application question seeking information about his criminal record.* Clemens contends that Legg Mason violated G.L.c. 15 IB, §4(9) by inquiring about his past criminal record (Count I), that Legg Mason violated §4(9) by allegedly discharging Clemens based upon the criminal record (Count II), that Dotolo violated §4(5) by allegedly aiding Legg Mason in the discharge of Clemens based upon the criminal record (Count III), and that the defendants invaded Clemens’s privacy in violation of G.L.c. 214, §1B. (Count IV in the First Amended Complaint).
Defendants moved to dismiss for failure to state a claim for which relief may be granted, pursuant to Mass.R.Civ.P. 12(b)(6), and sought a protective order allowing them to refrain from answering discovery requests until the court ruled on the Motion to Dismiss. Judge Welch of this Court allowed the protective order in part on May 4, 1995, after a hearing, stating that the
plaintiff is permitted to engage in discovery only as to its allegation (Counts II and III) that he was terminated because of his past criminal record. That discovery period will run 90 days from the date of this order. At that time, defendant’s motion to dismiss will be treated as a motion for summary judgment and the plaintiff must make a showing, under oath, of evidence establishing his allegation that he was terminated because of his previous disorderly conduct conviction.
Also on May 4, 1995, Judge Welch denied defendants’ Motion to Dismiss, stating that “while federal securities law would preempt any state statute, the terms of the 1986 federal regulation do not cover the conduct alleged in this case. I do not find that the federal government has occupied this entire field of securities regulation.”
Defendants have now submitted their supplemental memorandum in support of their Motion for Sum-maiy Judgment. Also, plaintiff moves for summary judgment on Count.I. For the following reasons defendants’ Motion for Summary Judgment is DENIED as to all Counts; and plaintiffs Motion for Summary Judgment as to Count I is ALLOWED.
FACTUAL BACKGROUND
In July of 1994, plaintiff, Clemens, responded to an advertisement of defendant, Legg Mason, an investment firm for a full-time trainee. Legg Mason invited Clemens to its office where defendant, Mr. Dotolo, an Investment Executive in charge of hiring cold callers,[2] hired Clemens as a cold caller for Legg Mason’s Boston Office. Clemens’s job required him to call high net worth individuals to ask if they were interested in receiving investment information from Legg Mason.
Two days after being hired, on July 27, 1994, an agent of Legg Mason gave Clemens a six-page document entitled “Application for Employment,” and Dotolo instructed Clemens to fill it out. Defendants contend that the application is used primarily for processing an individual onto the payroll. One of the questions inquired whether the applicant had “ever been convicted of a crime or received a verdict of anything other than ‘Not Guilly’ in any criminal investigation or proceedings.” It then sought details of any such conviction. Clemens answered the question, stating that he was “judged as a disorderly person in 1986 for an altercation outside a nightclub in Boston.” After completing and signing the application Clemens delivered it to Legg Mason’s human resources department.
Subsequently, Clemens ceased working for Legg Mason.
Clemens contends that he was discharged because of his past criminal conviction, in violation of §4(9). Legg Mason contends that Clemens resigned and that he was discharged for cause.
Defendants contend that Clemens’s performance on the telephone was poor and unprofessional. He was unable to answer questions regarding Legg Mason’s product, was not calling his quota of 70 persons per day, was stumbling through his presentation, was at times difficult to hear over the telephone, and was unenergetic. Clemens was asked to take part in role-playing exercises to improve his presentation, but Dotolo continued to be unhappy with his performance and his lack of progress. Clemens also would allegedly make personal telephone calls and sit with his feet up on his desk.
On Clemens’s sixth day of employment, Dotolo told Clemens that he was unhappy with his performance and that he did not have a future with Legg Mason. Clemens then went to see John Pliakas, Dotolo’s *435 supervisor. Pliakas informed Clemens that he was being asked to leave because his performance was not adequate. Defendants contend that it was at this meeting that Clemens accused them of terminating him based upon his criminal record. Pliakas told Clemens that his record was not a factor in the decision. Defendants contend that Pliakas did not fire Clemens at that time, but asked him to take a walk and cool down and they would talk again. Defendants contend that Clemens never returned to work.
DISCUSSION
I.STANDARD FOR MOTION FOR SUMMARY JUDGMENT
This court will grant summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party must respond by alleging facts demonstrating the existence of a genuine issue of material fact. Pederson v. Time, Inc., supra at 17.
II.Criminal Record Inquiry (Count I)
Defendants move for summary judgment on Count I, arguing that c. 15 IB is preempted by the Securities Exchange Act of 1934.
This is the same argument that defendants made in support of their Motion to Dismiss, which Judge Welch denied, holding that c. 15 IB is not preempted by federal securities laws.
Defendants further argue that §4(9) only regulates employment applications and that it does not apply here because the plaintiff was already an employee of Legg Mason when asked to fill out the application. To the contrary, §4(9) affects an employer’s ability to request criminal record information from “employees and potential employees.” Bynes v. School Committee of Boston, 411 Mass. 264, 269 (1991). The original purpose of the statute was to “protect employees from discrimination for their failure to provide their employers with restricted criminal history information.” Id. at 268. Thus, §4(9) is applicable to Clemens.
Plaintiff also moves for summary judgment on Count I, contending that the mere asking of the question violates the statute. Chapter 151, §4(9) provides that it
shall be unlawful practice: ... 9. For an employer, himself or through his agent, in connection with an application for employment, or the terms, conditions, or discharge of any person ... to use any form of application or application blank which requests such information... regarding. .. (ii) a first conviction for any of the following misdemeanors: drunkenness, simple assault, speeding, minor traffic violations, affray, or disturbance of the peace...
This section “does not simply prohibit acts of discrimination based on certain kinds of pre-employment contacts with law enforcement personnel.” It “also prohibits an employer or prospective employer from asking about those contacts. The statutory violation is complete when the question is asked.” Pryor v. Holiday Inn., Inc., 8 MDLR 1117, 1133 (1985) (emphasis in original).
In the present case, Legg Mason violated the statute by merely inquiring about Clemens’s past criminal record. The inquiry was broad enough to seek information prohibited by the statute, and it did, in fact, elicit information from Clemens covered by the statute.
III.Discharge Based Upon Criminal Record (Count II and III)
Defendants move for summary judgment as to Counts II and III, contending that they did not discharge Clemens because of his criminal record, but, rather, because his performance was poor.
In applying G.L.c. 15 IB, this court follows the three-stage order of proof set forth by the United States Supreme Court under Title VII. Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 440 (1995). In the first stage, the plaintiff must show a prima facie case of discrimination. Blare, 419 Mass at 441. While, as stated above, the statutory violation is complete when the employer asks about past criminal records, where the employee seeks damages, the prima facie case requires that the response to the question play some role in action injurious to the employee which the employer thereafter took. Pryor, 8 MDLR at 1133-34.
At the second stage, the employer can rebut the presumption created by the prima facie case by articulating a legitimate, nondiscriminatory reason for its actions. Blare, 419 Mass. at 441; Pryor, 8 MDLR at 1133-34. Once the employer proves that it had a legitimate reason, the employee, at the third stage, has the burden to prove by a fair preponderance of the credible evidence that the defendant’s reason for its actions was a pretext. Blare, 419 Mass. 444-45.
In some cases, a jury might find that the defendant has mixed motives. In such cases, the burden shifts *436 to the employer to prove by a preponderance of the evidence that even if the discriminatory-based factor had not been considered the same decision would have resulted. Johansen v. NCR Comten, Inc., 30 Mass.App.Ct. 294, 301 (1991).
The plaintiff bears the burden of persuasion on the ultimate issue of discrimination. Blare, 419 Mass. at 445. This “ultimate issue of discrimination, raised by the plaintiffs and defendants’ conflicting evidence as to the defendants’ motive, is not for a court to decide on the basis of affidavits, but is for the fact finder after weighing the circwnstantial evidence and assessing the credibility of witnesses.” Id. (emphasis added).
Plaintiff has shown by affidavits and depositions that there exists the possibility that he was discharged because of his criminal record and that a material question of fact exists as to whether the employer’s “independent and legitimate reasons” are pretextual.
IV. Invasion of Privacy (Count IV)
Defendants also seek summary judgment on Count IV, the chapter 214, §1B invasion of privacy claim, arguing that it is preempted by federal securities law and by chapter 151B. Judge Welch already determined when he denied the defendants’ Motion to Dismiss that this cause of action is not preempted by the Securities Exchange Act. Further, an action for invasion of privacy is not preempted by chapter 15 IB. See Henry v. New England Telephone & Telegraph Co., Suffolk Super.Ct., Civil Action No. 92-4192 (May 5, 1993). Finally, there remains a question of fact as to whether the invasion was an unreasonable, substantial and serious violation of Clemens’s privacy.
ORDER
For the foregoing reasons defendants’ Motion for Summary Judgment is DENIED as to all Counts; and plaintiffs Motion for Summary Judgment as to Count I is ALLOWED.

Editor’s Note: This is a 1995 opinion.

Cold callers telephone high net worth individuals culled from various mailing lists and other sources to inquire whether they are interested in receiving investment ideas and in being contacted by an Investment Executive. (Affidavit of Richard Dotolo)