O’Brien, J.
This matter is before the court on the defendant’s motion for summary judgment pursuant to Mass.R.Civ.R 56. The plaintiff, Sandra McCaffrey Rodrigues (hereinafter “Rodrigues”) brought this action against Trafalgar House, Inc. (hereinafter “Trafalgar”) for unlawful discrimination, based on handicap, pursuant to M.G.L.c. 151B. In addition, plaintiff claims that defendant violated M.G.L.c. 152, Sec. 75B. For the following reasons, the defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
For purposes of this motion, the following facts are undisputed: Plaintiff was employed as a receptionist at Trafalgar from December of 1993 until her termination in April of 1995. Since Rodrigues began her employment with Trafalgar, she has taken two workers’ compensation leaves. Rodrigues’ first workers’ compensation leave occurred from Septem *442 ber 1994 until January 1995. The second leave began in February 1995 and continued until the date of termination. The workers’ compensation leaves were attributed to various work-related injuries including neck, arm, and shoulder injuries.
During plaintiffs second leave, she advanced her wedding in Florida to April 29, 1995, in order to have her wedding and honeymoon while she was on workers’ compensation leave. Rodrigues departed for Florida on April 24, 1995, with knowledge that she was cleared to return to work. In addition, plaintiff knew that her benefits would cease on April 28.
The plaintiff attempted to telephone her supervisor on April 18, 1995 to discuss a return day, but was unable to reach him. Plaintiff alleges that she spoke to her supervisor’s assistant, and stated that she requested a return day of May 14, 1995. However, the assistant stated that Rodrigues had to speak with the supervisor about the return day. Plaintiff left a message for her supervisor, who responded on April 28. On that date plaintiffs supervisor attempted to contact plaintiff but was unsuccessful. Trafalgar then sent plaintiff a letter stating that unless she responds within three working days the plaintiff will be considered as “having voluntarily resigned.”
Trafalgar House’s Standards of Conduct Policy provides that employees must notify their supervisor promptly when they expect to be absent for three or more days. Plaintiff did not communicate with Trafalgar until returning from her honeymoon approximately one month later.
DISCUSSION
This court grants summaryjudgment where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The materials presented by the moving party need not negate or disprove an essential element of the claim of the party on whom the burden of proof at trial will rest, but they must demonstrate that there is no reasonable expectation that proof of the elements will be forthcoming at trial. See Kourouvacilis v. General Motor Corp., 410 Mass 706, 711-16 (1991).
COUNT I
M.G.L.c. 151B, Sec. 4(16) states in relevant part that it is unlawful practice for an employer to “dismiss from employment or refuse to hire, rehire or advance in employment or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation.” (Emphasis added.)
Massachusetts courts follow a three-step order of proof in cases of handicapped discrimination based on disparate treatment. Dartt v. Browning-Ferris Industries, Inc., 427 Mass. 1, 5 (1998). In the first stage order of proof the plaintiff must establish a prima facie case of discrimination by a preponderance of the evidence. Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 441 (1995). To establish a prima facie case of employment discrimination, based upon a handicap, the plaintiff must present credible evidence that (1) she is handicapped within the definition of C. 15 IB, (2) she is qualified to perform the essential functions of the job with or without reasonable accommodation, (3) she was terminated by her employer and (4) the position she had occupied remained open and the employer sought to fill it. Dartt, 427 Mass. at 3 (1998).
In the second stage order of proof, the employer may rebut the presumption of discrimination where the employer advances a legitimate business purpose in discharging the employee. Johansen v. NCR Comten, Inc. 30 Mass.App.Ct. 294, 302 (1991). However, the employer must show by credible evidence that the nondiscriminatory reason was the actual impetus for termination. Blare, 419 Mass, at 442.
At the third stage of proof, “the presumption of discrimination vanishes, and the burden returns to the plaintiff to persuade the court, by a fair preponderance of the evidence, that the defendant’s proffered reason for its employment decision was not the real reason, but is a pretext.” Dartt, 427 Mass. at 12 (quoting Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 128 (1997)). The plaintiff bears the burden of persuasion on the ultimate issue of discrimination. Blare, 419 Mass. at 445. Accordingly, the plaintiff must “produce evidence sufficient to support a jury verdict that it was more likely than not the articulated reason was a pretext for actual discrimination.” Dartt, 427 Mass. at 12 (quoting Blare, 419 Mass. at 447).
Trafalger contends that judgment as a matter of law should be granted because plaintiff has not established a prima facie case of employment discrimination on the basis of handicap. Specifically, the defendant argues that plaintiff is not a qualified handicap as statutorily defined. M.G.L.c. 151B, Sec. 1(16), provides that the term “qualified handicapped person means a handicapped person who is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of a particular job with reasonable accommodation to his handicap.” Under M.G.L.c. 152 “an employee who has sustained a work-related injuiy and is capable of performing the essential junctions of a particular job with or without accommodation is deemed a qualified handicapped person for purposes of M.G.L.c. 151B.” (Emphasis added.) Under either statutory definition, an employee must be capable of performing the essential functions of a particular job.
The antidiscrimination statutes are not designed to insulate handicapped persons from disciplinary ac *443 tions which would be taken against any employee regardless of its status. Garrity v. United Airlines, 421 Mass. 55, 63 (1995). “Nothing in c. 151B suggests the legislative intent that a lower standard of qualifying conduct should apply to handicapped employees than applies to those without handicap.” Id. An employee who engages in behavior that is adverse to the employer’s interest and violates the employer’s rules is not a qualified handicapped within the meaning of Ch: 151 because the employee is not able to perform “the essential functions” of a job. Id.
In this case, under these circumstances, the plaintiff is not a qualified handicap for purposes of M.G.L.c. 151B. The plaintiff is not a qualified handicap, because she did not follow the appropriate rules and regulations of the defendant. Trafalgar House’s Standards of Conduct Policy provides that employees must notify their supervisor promptly when they expect to be absent for three or more days. The plaintiff agrees that this is Trafalgar’s policy. Plaintiff made one call on April 18, 1995 to her employer about her wedding and honeymoon plans, in which she was informed that the supervisor must approve the return day. It was not until almost one month that plaintiff called the defendant again. Clearly, this amounts to a violation of the Standards of Conduct Policy where plaintiff knew she was cleared to return to work, and expected to be absent more than three days. Accordingly, plaintiff is not a qualified handicapped within the meaning of M.G.L.c. 151B.
Because the plaintiff has not established a prima facie case in the first stage, it is unnecessary to proceed the second or third stage.
Based upon the summary judgment record, I conclude that Rodrigues could not reasonably expect to prove she was qualified for her former position.
COUNT II
The other count in Rodrigues’ complaint is based upon a violation of M.G.L.c. 152, Sec. 75B, which states in relevant part:
No employer or duly authorized agent of an employer shall discharge ... or in any other manner discriminate against an employee because the employee has exercised a right afforded by this chapter, unless the employee knowingly participated in a fraudulent proceeding . . .
Based upon the reasoning above, the plaintiff cannot show that she was terminated because she exercised her right to workers’ compensation. Summary judgment is therefore granted to Trafalgar.
ORDER
For the reasons stated above, the motion of the defendant seeking summary judgment must be ALLOWED.