Connor, J.
The plaintiff was a teacher in the Norton Public Schools when in 1998, she filed a claim of handicap discrimination with the Massachusetts Commission Against Discrimination (MCAD), which she later removed to the Superior Court. Before the case came to trial, she was terminated from her position in October 2002[1] by the defendant as the superintendent of the Norton Public Schools. At trial in 2003, the jury, in response to a special question, determined that plaintiff was terminated because she was “regarded” as a handicapped person, and as a result, she was awarded damages.
The plaintiff also appealed her dismissal in accordance with G.L.c. 71, §42, and the matter was submitted to arbitration. The defendant presented evidence in support of his stated reasons for dismissal: inefficiency; insubordination; conduct unbecoming a teacher; and unauthorized absences. Over the objection of the plaintiff, the hearing officer allowed evidence from the defendant as to the reasons for plaintiffs termination, which contradicted the juiy’s finding in the discrimination case. The arbitrator, on October 20, 2003, rendered her decision upholding the defendant’s dismissal of the plaintiff after finding he had complied with G.L. 71, §42.
Plaintiff has filed a motion to vacate the arbitrator’s award, alleging that she exceeded her authority in considering reasons for the plaintiffs dismissal that were inconsistent with the jury’s finding in the discrimination case.
The court’s authority to review actions of an arbitrator are specifically limited by G.L.c. 150C, §11. In this case, plaintiff concedes that the only issue with respect to the arbitrator’s decision before this court is whether under G.L.c. 150C, §11(a)(3), the arbitrator exceeded her powers.
One way in which an arbitrator can exceed powers is to refuse “to hear evidence material to the controversy ... as to prejudice substantially the rights of a party.” G.L.c. 150C, §11(a)(4). In this case, it is the arbitrator’s refusal to consider a finding of the jury in Civil Action No. BRCV2000-01059 and the necessary implications of that finding. Specifically, the arbitrator refused to consider that the jury found that the plaintiff was terminated from her employment at the school because she was regarded as a handicapped person. When an arbitrator refuses to hear evidence material to the controversy so as to prejudice substantially the rights of a party, the court can vacate the arbitrator’s award. G.L.c. 150C, §11(a)(4).
To understand the limits of the arbitrator’s authority, the findings of the jury in the prior case must be examined against the standard for issue preclusion (otherwise described as collateral estoppel). “A fundamental precept of common law adjudication, embodied in the related doctrines of collateral estoppel, . . . is that a right, question or fact distinctly put in issue and directly determined by the court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . .” Miles v. Aetna Casualty & Surety Co., 412 Mass. 424, 426-27 (1992), quoting Southern Pac. R.R. v. United States, 168 U.S. 1, 48-49 (1897).
Issue preclusion may be used defensively if: (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom the estoppel is asserted was a party (or in privity with a party) to the prior adjudication; (3) the issue in the prior adjudication is identical to the issue in the current adjudication; and (4) the issue in the prior adjudication was essential to the earlier judgment. Comm’r. of Department of Employment and Training v. Dugan, 428 Mass. 138, 142 (1998).
The discrimination case was tried in the Superior Court. The present case arises out of an arbitration hearing. The applicability of issue preclusion has been determined to be binding upon arbitration proceedings. Microwave Antenna Systems & Technology, Inc. v. Whitney-Pehl Construction Co., Inc., 23 Mass.App.Ct. 25, 28-29 (1986).
The presence of the first two elements of issue preclusion before the arbitration hearing are apparent. The parties were identical: the teacher and the superintendent of schools. The case, after findings of the jury, went to final judgment. The third element of *642 issue preclusion is not quite as apparent and a “fleshing out" of the implication of the jury’s finding to a specific question is necessary. Despite the defendant presenting evidence which would warrant the plaintiffs termination for cause, the jury found that she had been terminated because she was regarded as handicapped. The procedural steps necessary for the jury to reach that conclusion required them to determine that regardless what the reasons the defendant gave for terminating the plaintiff, the plaintiff was terminated solely because of her considered handicap and that the defendant would not have terminated her at that time for any other reasons. Wynn & Wynn, P.C. v. Massachusetts Commission Against Discrimination, 431 Mass. 655, 666 (2000). In the complaint and answer filed in this case, the plaintiff alleges and the defendant admits that during the course of the discrimination trial, the employer offered several non-discriminatory reasons for terminating the plaintiff, which have been stated above, and these are the same reasons that have been asserted by the defendant in the arbitration hearing. This was considered to be a multi-reason case in which the defendant had the burden before the jury to “show that its legitimate reason, standing alone, would have induced it to make the same decision.” Johansen v. NCR Comten, Inc., 30 Mass.App.Ct. 294, 301 (1991), quoted in Wynn & Wynn, P.C. v. Massachusetts Commission Against Discrimination, 431 Mass. at 666. Consequently, when the jury reached its decision as to the reason for termination, the effect of its decision was to establish that the defendant lost his right to assert that he would have dismissed the plaintiff regardless of her perceived handicap.
The final element for issue preclusion is a determination that the issue decided in the prior case, which is at stake in the arbitration hearing, was essential to the earlier judgment. The finding of the juiy was the “product of full litigation and careful decision.” Homeowners Federal Savings & Loan Association v. Northwestern Fire & Marine Insurance Co., 354 Mass. 448, 455 (1968). Since the parties admit that the mixed motives were offered by the defendant as reasons for dismissing the plaintiffs, we must assume that the jury was instructed in accord with the standard of Wynn & Wynn, P.C., supra. The decision of the jury is essential to the case and basis for the damages awarded.
Since the defendant failed to prove that he would have made the same decision even without an illegitimate motive, he is precluded by the doctrine of issue preclusion from asserting at the arbitration hearing that he would have fired the plaintiff for the non-discriminating reasons. Microwave Antenna Systems & Technology, Inc. v. Whitney-Pehl Constr. Co., 23 Mass.App.Ct. 25, 28-29 (1986).
The decision of the arbitrator must be vacated because she has refused to accept as evidence the finding of the Superior Court in the prior case that the sole reason for the plaintiff s termination was that she was “regarded as” a handicapped person.

 Corrected from 1982 in original decision.