## JEFFREY L. BRUCE *vs.* TOWN OF WELLESLEY.

No. 97-P-1858.

Norfolk. May 12, 1999. - September 24, 1999.

Present: BROWN, LAURENCE, & RAPOZA, JJ.

*Practice, Civil,* Judgment notwithstanding verdict. *Anti-Discrimination Law,* Age, Burden of proof, Prima facie case, Termination of employment. *Employment,* Discrimination, Termination.

In an age discrimination case, the plaintiff did not satisfy his burden of presenting sufficient evidence from which a reasonable fact finder could have concluded that the municipal employer's articulated reasons for not reappointing the plaintiff to a teaching position were a pretext: the judge should have allowed the employer's motion for judgment notwithstanding the verdict. [806-807]

CIVIL ACTION commenced in the Superior Court Department on August 20, 1992.

The case was tried before *Judith A. Cowin,* J., and motions for judgment notwithstanding the verdict and for a new trial were heard by her.

*Paul A. Manoff* for the plaintiff.

*Leonard H. Kesten* for the defendant.

BROWN, J. The plaintiff, a former mathematics teacher at Wellesley High School,[1] brought an action against the town of Wellesley alleging that he was denied tenure because of age in violation of G. L. c. 151B, § 4, par. 1B, when he was not reappointed for the 1992-1993 academic year.[2]

The case was submitted to the jury on special questions as to liability and damages. The jury returned a verdict in the

---

[1]The plaintiff taught mathematics at Wellesley High School full-time in 1989-1990, part-time in 1990-1991, and full-time for the later half of the 1991-1992 term.

[2]Bruce was born on November 24, 1941, and was forty-seven years old when he was initially hired by the defendant.

plaintiff's favor finding that he was discharged because of his age and awarded him $132,000 in damages. Wellesley moved for a judgment notwithstanding the verdict (n.o.v.) or, in the alternative, for a new trial. The plaintiff filed a motion for an order reinstating him to employment with the town's high school. The judge denied the town's motion for a judgment n.o.v. or a new trial and the plaintiff's request for reinstatement. The town filed a notice of appeal and the plaintiff filed a cross-appeal for review of the order denying his reinstatement.

The issues in this age discrimination case are whether the trial judge erred in (1) denying the town's motion for directed verdict and motion for judgment notwithstanding the verdict or, in the alternative, for a new trial; (2) precluding the town from having one of the plaintiff's former colleagues testify as a rebuttal witness; and (3) denying the plaintiff's motion for reinstatement to his former teaching position.

1. *The facts.*

The plaintiff began his teaching career in 1964. He had a master's degree in mathematics from Wesleyan University, with thirty credits beyond that degree. He worked as a high school math teacher for eleven years. In 1980 he accepted a nonteaching job in the private sector; however, he returned to teaching in 1985. After being laid off as a high school math teacher, the plaintiff taught math at a middle school, but returned to teaching at the high school level in 1987. After two years at Hull High School, the plaintiff was interviewed for a position at Wellesley High School (Wellesley High) teaching advanced calculus to seniors and other math courses.

At the time, the plaintiff realized that the position was a one-year position. His salary was $48,000 to $49,000 for the 1989-1990 academic year, and the head of the math department, Jim Sullivan, gave the plaintiff very positive feedback. The plaintiff proceeded to teach a second year (1990-1991) at Wellesley High on a reduced schedule, for three-fifths of the salary.[3]

During the plaintiff's second year teaching at Wellesley High, Sullivan left Wellesley High and was replaced by Dr. Steve Rumsey, who, at one point, told the plaintiff that he was doing a very good job.

---

[3]The plaintiff's schedule was reduced because another teacher who had left to earn his master's degree returned to Wellesley High and began teaching the advanced calculus class that the plaintiff taught the previous year.

In a written evaluation of the plaintiff's work performance in January, 1991, Rumsey wrote that the plaintiff "does not always agree with administrative policies and decisions which is his prerogative. I have noted frustration on his part not only related to this, but also related to some of the actions of his colleagues. While these frustrations do not seem to disrupt his classroom performance, Jeff needs to work to promote greater collegiality with department members. He has much to contribute . . . ."

During his second year teaching at Wellesley High, the plaintiff complained to Rumsey about a teacher who worked as the plaintiff's assistant. The plaintiff testified that he "thought that the place to go was to Mr. Rumsey [to discuss this] because [Rumsey] was [his] superior." The plaintiff also complained to Rumsey that another math teacher, with whom he shared the responsibility for making up exams, had created an exam that contained typographical errors and other problems. At the time, Rumsey did not tell the plaintiff that this discussion about the plaintiff's colleagues was inappropriate.

At the end of the second year, the plaintiff was laid off when the number of classes did not support his employment. In November, 1991, Dr. Paul Ash, the assistant superintendent, discussed the plaintiff's recall rights with him over the telephone. The plaintiff testified that Ash assured him that even though the school system was not obligated to extend recall rights to him that they felt he had done a good job and there was a very likely possibility that a job would be opening soon because another teacher, Gerard Wichura, would be requested to leave mid-semester.

When the position to teach again at Wellesley High was offered to the plaintiff in December, 1991, he had to sever, prematurely, his ties with Middlesex Community College, where he had been teaching, rather than risk losing the job at Wellesley High. The plaintiff took over Wichura's classes and Rumsey subsequently informed him that he did a good job taking over a class mid-year. In March, 1992, three months after the plaintiff took over for Wichura, both the Wellesley High principal, Mary Hayes, and Rumsey, informed the plaintiff that he would not be granted tenure and that his appointment would not be renewed. The reason they gave for not calling him back was that he "would have been tenured if [he] came back, and [he] had not been there long enough for them to make such an important decision."

The plaintiff received a letter in April stating that he would not be reappointed. At the time that the town failed to renew the plaintiff's appointment for the 1992-1993 school year, the plaintiff was fifty years old. That term would have been his fourth year working for the town and, in the eyes of the school administrators, would have made the plaintiff a tenured teacher. Hayes and Rumsey met with the plaintiff in June and they told him that they did not feel comfortable with him. They did not say that he had done anything wrong other than what they had already told him. The plaintiff looked for another job and was hired to work as a math teacher at Lynn Classical High School earning approximately $36,000 - $37,000. He worked there four years.[4]

The plaintiff was replaced at Wellesley High by Kim Morehead, a woman who was thirty-five years of age. She was paid approximately $20,000 less than the plaintiff was receiving.[5] Rumsey recommended Morehead.

2. *Judgment notwithstanding the verdict.*

"The standard for reviewing the denial of a motion for judgment notwithstanding the verdict is 'whether "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff." ' *Boothby* v. *Texon, Inc.*, 414 Mass. 468, 470 (1993), quoting from *Poirier* v. *Plymouth*, 374 Mass. 206, 212 (1978). This standard calls for a presentation of the evidence in the light most favorable to the plaintiff, 'without weighing the credibility of the witnesses or otherwise considering the weight of the evidence. . . .' *Bavuso* v. *Caterpillar Industrial, Inc.*, 408 Mass. 694, 695 n.1 (1990)." *Brownlie* v. *Kanzaki Specialty Papers, Inc.*, 44 Mass. App. Ct. 408, 409 n.1 (1998). See *Fontaine* v. *Ebtec Corp.*, 415 Mass. 309, 312 (1993); *Steele* v. *Kelley*, 46 Mass. App. Ct. 712, 730 n.20 (1999).

3. *Age discrimination claim.*

In analyzing claims of discrimination brought under the Massachusetts antidiscrimination statute, G. L. c. 151B, § 4, we look to the familiar three-stage order of proof paradigm articulated in *McDonnell Douglas Corp.* v. *Green*, 411 U.S.

---

[4]Bruce left Lynn because his job was taken by someone who had more seniority in the Lynn school system than he did.

[5]The salaries at Wellesley are set by union contract.

792, 802-804 (1973). See *Wheelock College* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. 130, 134-137 & n.5 (1976). For a recent articulation of the standard by the Supreme Judicial Court, see *Matthews* v. *Ocean Spray Cranberries, Inc.*, 426 Mass. 122, 128 (1997). See also *Dartt* v. *Browning-Ferris Indus., Inc. (Mass.)*, 427 Mass. 1, 6 (1998).

"In stage one, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. In stage two, the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for its actions. Finally, in stage three, the burden shifts back to the plaintiff to show that the employer's articulated reason is not the true reason, but rather a pretext" (citations omitted). *Powers* v. *H.B. Smith Co.*, 42 Mass. App. Ct. 657, 660-661 (1997). "[I]f successful in stage three, 'the plaintiff is entitled to recovery for illegal discrimination under G. L. c. 151B.' " *Id.* at 661 (footnote omitted), quoting from *Blare* v. *Husky Injection Molding Sys. Boston, Inc.*, 419 Mass. 437, 444-445 (1995).

A. *Prima facie case.*

The plaintiff met his initial burden of establishing a prima facie case. See *Blare* v. *Husky Injection Molding Sys. Boston, Inc.*, 419 Mass. at 441.

The plaintiff showed that (1) he was a member of a class protected by G. L. c. 151B, § 4 (he was fifty when he received a letter informing him that he would not be reappointed in Wellesley); (2) he performed his work at an acceptable level; (3) he was not reappointed; and (4) there was testimony that the town sought to hire another individual with similar qualifications to fill the plaintiff's position. (On cross-examination, Rumsey testified that he did not have any idea of the sex or age of the person who would replace the plaintiff.) The plaintiff presented sufficient evidence on each of the required elements.

B. *Town's articulated reason.*

The town asserts that the plaintiff was not reappointed because of concerns about the plaintiff's ability to work with his colleagues.[6] (On cross-examination, the plaintiff admitted

---

[6]Wellesley presented evidence that the reasons the plaintiff was not retained included the following: (1) Rumsey's evaluations indicated concern about the plaintiff's collegiality; (2) Rumsey and Hayes jointly recommended to the superintendent that the plaintiff not be reappointed on the ground that he lacked collegiality with his colleagues; (3) other teachers in the math depart-

that he had criticized certain teachers to his peers within the mathematics department and admitted that discussing one colleague's shortcomings with other colleagues was "not a proper way to handle" the problem.) The town also presented evidence that the plaintiff was not reappointed because he did not meet the "preponderance of merit" standard used to decide tenure cases.[7]

C. *Evidence of pretext.*

In order to prevail at this final stage, the plaintiff "must persuade the fact finder by a fair preponderance of the evidence that the [town's] asserted reasons were not the real reasons [for the plaintiff's discharge]." *Blare* v. *Husky Injection Molding Sys. Boston, Inc.*, *supra* at 443, quoting from *Brunner* v. *Stone & Webster Engr. Corp.*, 413 Mass. 698, 700 (1992). Contrast *Handrahan* v. *Red Roof Inns, Inc.*, 43 Mass. App. Ct. 13, 17 (1997) (even where the evidence of handicap discrimination was slim, the jury could have found the town's asserted reason to be a pretext). The "allocation of evidentiary burdens presuppose[s] that the evidence of unlawful discrimination would be circumstantial." *Johansen* v. *NCR Comten, Inc.*, 30 Mass. App. Ct. 294, 298 (1991). See *Harrison* v. *Boston Financial Data Servs., Inc.*, 37 Mass. App. Ct. 133, 138 (1994).[8]

Here, the jury heard testimony that Rumsey praised the plaintiff for his work as a math teacher; Rumsey could not remember what specifics he shared with the plaintiff concerning strategies to "vent his frustrations"; Hayes could not recall the specifics of any conversations she had with other teachers about working with the plaintiff; two of the three teachers tenured

---

ment expressed their concerns that he was critical of them; and (4) the plaintiff made criticisms to Hayes and Ash regarding his colleagues.

[7]The plaintiff acknowledged that the decision makers assured him that they were satisfied with his teaching and that they were denying him tenure simply because "they had not observed him long enough and were not comfortable in granting him tenure."

[8]In *Harrison*, a race discrimination case, the court recognized that "subjective conditions have been acknowledged as suspect by a number of courts, deserving of close scrutiny 'because of their capacity for masking unlawful bias.' " 37 Mass. App. Ct. at 138, quoting from *Sklenar* v. *Central Bd. of Educ. of Sch. Dist. of Detroit*, 497 F. Supp. 1154, 1160 (E.D. Mich. 1980), quoting from *Davis* v. *Calitano*, 613 F.2d 957, 965 (D.C. Cir. 1980). We are aware that the phrase "lack of collegiality" has often been used to mask unlawful gender and race discrimination, particularly in the domain of higher education.

during the same period were under age forty[9]; and a younger woman, who commanded a much lesser salary than the plaintiff, was hired to teach math at Wellesley High.[10] The only other high school teacher in Wellesley who had taught for three years and who was denied tenure during 1990-1992 was Carol Devendorff, who was a music teacher in her middle forties.

"The employer's reasons need not be wise, so long as they are not discriminatory and they are not pretext." *Tardanico* v. *Aetna Life & Cas. Co.*, 41 Mass. App. Ct. 443, 448 (1996). See *Wheelock College* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. at 137 (chapter 151B does not protect against "poor managerial judgment").

We think the instant circumstances are controlled in material respects by the reasoning of *Wooster* v. *Abdow Corp.*, 46 Mass. App. Ct. 665, 671-673 (1999). Other than the undisputed fact that the plaintiff was over age forty at the time he was discharged, there was no showing that the town was concerned about the plaintiff's age. See *id.* at 671-672. See also *LeBlanc* v. *Great Am. Ins. Co.*, 6 F.3d 836, 848 (1st Cir. 1993), cert. denied, 511 U.S. 1018 (1994). Contrast *Blare* v. *Husky Injection Molding Sys. Boston, Inc.*, 419 Mass. at 446-447, where the Supreme Judicial Court concluded that conflicting evidence of satisfactory performance, combined with remarks about Blare's ability to do his work and evidence that younger workers were not similarly disciplined, was sufficient to raise a genuine issue of material fact as to discrimination. Here, unlike *Blare*, "there are no remarks concerning age and no apparent connection between the evaluations and the plaintiff's age."[11] *Wooster* v. *Abdow Corp.*, *supra* at 672. See *Fontaine* v. *Ebtec Corp.*, 415 Mass. at 314-315 & n.7. Contrast *Brownlie* v. *Kanzaki Specialty Papers, Inc.*, 44 Mass App. Ct. at 413-416. For example, in 1990-1991 when neither the plaintiff nor Rumsey expected the plaintiff to

---

[9]A special education teacher, aged forty-four, was granted tenure.

[10]The record is silent as to the ages of the persons in the applicant pool for the plaintiff's replacement. See in this regard *Goldman* v. *First Natl. Bank of Boston*, 985 F.2d 1113, 1119 n.5 (1st Cir. 1993).

[11]In *Blare*, in addition to the prima facie evidence, the evidence that "the three remarks made by Blare's supervisor regarding the ability of Blare to work considering his age, and the evidence that other workers not in the protected category who committed similar errors were not terminated was sufficient to raise a genuine issue of material fact as to whether the defendants discriminated against the plaintiff on the basis of his age." 419 Mass. at 447 (footnote omitted).

be returning to Wellesley High, Rumsey communicated in writing to the plaintiff his concern about the collegiality issue.[12] Rumsey reiterated the same concern in the plaintiff's 1991-1992 evaluation.

In summary, the plaintiff's proffer of evidence to support his claim of discrimination consists of (1) his age (fifty) at the time of the adverse decision and "replacement" by a thirty-five year old woman and (2) statistical evidence that in the three years he was employed by the town, two teachers were denied tenure, himself and a forty-four or forty-five year old woman, and three teachers were granted tenure, two thirty-six year old persons and a forty-four year old. On this evidence the jury could not reasonably have concluded that age was a factor in Wellesley's failure to reappoint the plaintiff, let alone that the town's reasons for doing so were a pretext,[13] and "not the real reasons for the action." *Brunner* v. *Stone & Webster Engr. Corp.*, 413 Mass. at 700. See and compare *Tardanico* v. *Aetna Life & Cas. Co.*, 41 Mass. App. Ct. at 450. Contrast *Powers* v. *H.B. Smith* Co., 42 Mass. App. Ct. at 662. The plaintiff did not satisfy his burden of presenting sufficient evidence from which a reasonable fact finder could have found that Wellesley's articulated reasons for not reappointing him "lack reasonable support" or are "wholly disbelievable."[14] *Tardanico* v. *Aetna Life & Cas. Co.*, 41 Mass. App. Ct. at 448, quoting from *Lewis* v. *Area II Homecare for Senior Citizens, Inc.*, 397 Mass. 761, 765 (1986). The trial judge incorrectly denied the town's motion for judgment n.o.v.

The case is remanded to the Superior Court for the entry of judgment for the town.[15]

*So ordered.*

[12]The record also reflects that the age issue did not surface at any of the meetings the plaintiff had with the school principal or superintendent relative to his reappointment.

[13]Nor has it been made to appear that defendant's reasons were a "pretext for actual discrimination." *Blare*, 419 Mass. at 447. See *Matthews* v. *Ocean Spray Cranberries, Inc.*, 426 Mass. at 128. Cf. *Handrahan* v. *Red Roof Inns, Inc.*, 43 Mass. App. Ct. at 19 n.12.

[14]Although we do not have to rely on this point, we are even more confident that nothing has been made to appear in the record that suggests that age-related factors were used in evaluating the plaintiff's job performance relative to the denial of tenure. Cf. *Brunner* v. *Stone & Webster Engr. Corp.*, 413 Mass. at 704.

[15]Deciding as we do, we have no occasion to reach the other issues raised on appeal by the parties.