MacLeod, J.
The plaintiff, Lisa Sivieri (“Sivieri”), brings this action against the defendant, Commonwealth of Massachusetts, Department of Transitional Assistance (“DTA”), alleging discrimination based on gender, hostile work environment sexual harassment, and retaliation under G.L.c. 151B, §4, and breach of contract. Pursuant to Mass.R-Civ.P. 12(b)(6), the defendant now moves to dismiss the plaintiffs complaint. For the reasons set forth below, the defendant’s motion is DENIED in part and ALLOWED in part.
Background
In 1997, Sivieri began working as a paralegal specialist in the Administrative Disqualification Unit (“ADU”) of DTA. ADU is charged with investigating the eligibility of support recipients whom it believes ineligible, and subsequently presenting charges against these recipients to DTA hearing officers. As a paralegal specialist, Sivieri’s duties included review of recipient files, investigation of allegations of ineligibility or fraud, and presentation of such allegations to DTA hearing officers.
After working with ADU for a year and a half, Sivieri was asked to train new paralegals and other staff. Sivieri consistently received satisfactory or better assessments when evaluated for her work. Specifically, one performance evaluation rated Sivieri as exceeding expectations. Sivieri was singled out for special projects and was designated to sit on DTA’s Committee for Diversity Awareness and on its Committee for the Performance Recognition Award. She received an award for her contribution to the Committee on Diversity Awareness.
Sivieri married within ten months of her employment at DTA. Throughout her employment at DTA, Sivieri noticed that employees and agents of DTA made negative comments about children and working mothers. Sivieri also noticed that the upper-level management of DTA included a high proportion of women who were either childless or who had no small children.
On November 30, 1999, Sivieri’s daughter was born. DTA did not grant Sivieri an extended maternity leave, which she requested, and delayed payment of her paid maternity leave. After the birth of her daughter, Sivieri was not offered any promotions or an advanced paralegal position. Sivieri continued to be asked, however, to take on a variety of special projects for DTA beyond the customary duties of her position. When promotion opportunities arose within the DTA, those opportunities were offered to paralegals who had less time in service than Sivieri. At least three of the promotion opportunities were offered to paralegals whom Sivieri had previously trained. After being rejected for several promotions, Sivieri inquired as to why she was rejected. Following these inquiries, DTA intensified its scrutiny of Sivieri and increased its criticism of her job. Her performance evaluations were downgraded. Subsequent to the actions by management, Sivieri’s health deteriorated and she required medical care.
After these events, Sivieri filed a timely complaint, on November 13, 2001, with the Massachusetts Commission Against Discrimination (“MCAD”) alleging that she had been discriminated against on the basis of sex. Her complaint alleged the following:
I have been working for DTA for approximately five years. Since I had my child approximately two years ago, I have been subjected to unequal terms and conditions by co-workers, especially in supervisory positions who do not have small children. I have been passed up for about three promotions. These promotions have gone to women without small children or no children at all. Each person has been there for a shorter amount of time than I have. The Assistant Director told me that she was surprised that I would want to take on more responsibility at work since I have so much responsibility at home and the two women who don’t have children can put in the extra hours at work. However, I was told at the same time that my work was pleasing. I am subjected to ongoing comments about small children. Jobs are created for employees without children and they are accommodated more often than employees with children. I feel that I have been subjected to unlawful discrimination because I am a female with a small child.
MCAD Complaint, November 13, 2001. Months later, Sivieri voluntarily resigned from DTA because of budget cuts and on February 20, 2001, signed a “Waiver of Right to Appeal Selection for Layoff.” Sivieri filed her complaint with this court on May 20, 2002.
Discussion
For purposes of a motion to dismiss brought pursuantto Mass.R.Civ.P. 12(b)(6), this court must accept as true the factual allegations of the complaint as well as any inferences that can be drawn from those allegations in favor of the plaintiff. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996). The complaint should not be dismissed “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
Generally, the court only considers the pleadings in rendering a decision on a 12(b)(6) motion to dismiss. If the court considers evidence outside of the plead *533 ings, the motion becomes a motion for summary judgment. However, “when ... a complaint’s factual allegations are expressly linked — and admittedly dependent upon — a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).” Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998). Sivieri’s MCAD complaint is referred to in her complaint with this court and it determines the scope of her complaint. Accordingly, Sivieri’s motion is not converted into a motion for summary judgment upon consideration of MCAD complaint. See Harhen v. Brown, 431 Mass. 838, 839-40 (2000).
A. Discrimination Based on Gender
DTA asserts that Sivieri’s claim for discrimination based on gender must be dismissed because it is actually a claim for discrimination based on her status as a parent with a small child, which is not a protected class under G.L.c. 151B. Sivieri responds that the allegations in her complaint satisfy the elements needed to state a claim of discrimination based on gender.
To state a claim for discrimination under G.L.c. 15 IB, the plaintiff must allege “membership in a protected class, harm, discriminatory animus, and causation.” Lipchitz v. Raytheon Co., 434 Mass. 493, 502 (2001). Massachusetts courts have liberally construed G.L.c. 15 IB to protect against discrimination on the basis of gender-linked characteristics. For example, the courts have found gender discrimination under G.L.c. 15 IB for differential treatment on the basis of pregnancy. See Mass. Elec. Co. v. Mass. Comm’n Against Discrimination, 375 Mass. 160, 167-68 (1978); Zhang v. Mass. Inst. of Technology, 46 Mass.App.Ct. 597, 601 (1999). Moreover, the full Commission of MCAD has recognized that bias “based upon the stereotypical belief that women will become the primary caretaker for their children and will not be capable of performing their jobs after they many and have children” is actionable under G.L.c. 151B. Ntapalis v. Halem & Schrader, P.C., 15 M.D.L.R. 1117, 1125 (1993) (the full Commission ofMCAD stating that an employer’s bias against married women presented a prima facie case for gender discrimination). Parental status is not a per se protected category under G.L.c. 15 IB. However, it can be a characteristic that is closely linked to gender. Therefore, in order to successfully state a claim for discrimination based on gender, Sivieri must allege that DTA demonstrated a bias against her parental status which was based on her sex.
In her complaint, Sivieri alleges that after the birth of her child, DTA appointed other less experienced employees, who were not mothers of young children, to advanced positions with the organization. She further alleges that she was passed up for these positions because she was the mother of a small child. These actions were closely aligned with negative comments at DTA regarding women with small children and their lack of effectiveness at work.
Taken as true, these allegations establish a bias against women with young children predicated on the stereotypical belief that women are incapable of doing an effective job while at the same time caring for their young children. See Ntapalis v. Halem & Schrader, P.C., 15 M.D.L.R. at 1125. Additionally, where Sivieri has alleged that she had qualifications equal to or superior than these women who were promoted, that her work was evaluated at a high level, but yet she was repeatedly passed over for promotions, she has put forth sufficient allegations to state a cause of action for discrimination based on sex. See Abramian v. President & Fellows of Harvard College, 432 Mass. 107, 116 (2000) (stating that a presumption of discrimination is created when a plaintiff establishes that she was a member of a protected class, was performing her job at an acceptable level, and was terminated by the employer in favor of a similarly qualified individual).
B. Hostile Work Environment Sexual Harassment and Retaliation
DTA contends that Sivieri’s failure to allege hostile work environment sexual harassment and retaliation claims in her complaint with MCAD bars her subsequent claims of hostile work environment and retaliation claims in this action. Sivieri maintains that she alleged sex discrimination in her MCAD complaint, and that hostile work environment sexual harassment is a form of sex discrimination. Moreover, Sivieri argues that her retaliation claim relates back to the date of filing her MCAD complaint, and therefore is not barred.
Ordinarily, a claim brought in the Superior Court pursuant to G.L.c. 15 IB must first be filed with MCAD within six months of the last alleged unlawful conduct. G.L.c. 151B, §5. The MCAD complaint must set forth the particulars of the alleged discriminatory conduct. Id. As a general rule, “(rjesort to judicial process is not available to a party claiming . . . discrimination . . . unless that party has first lodged a complaint of unlawful discrimination with MCAD within six months of the occurrence of the discriminatory event ” Tardanico v. Aetna Life & Cas. Co., 41 Mass.App.Ct. 443, 444 (1996).
A plaintiffs failure to comply with the requirements of G.L.c. 151B mandates dismissal of that plaintiffs complaint. Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994). The requirement that a Superior Court action alleging discrimination under G.L.c. 15IB be preceded by a MCAD complaint “has a dual purpose. First, it is meant to provide the agency with an opportunity to investigate and conciliate the claim of discrimination. Second, the filing requirement provides notice to the defendant of a potential suit.” Carter v. Comm’r of Corr., 43 Mass.App.Ct. 212, 217 (1997), *534 quoting Conroy v. Boston Edison Co., 758 F.Sup. 54, 57 (D.Mass. 1991).
There is an exception to the general rule that a claim is barred if it is not first filed with MCAD. This exception is known as the reasonable relation doctrine. “The reasonable relation doctrine operates to prevent an amendment from being time-barred if it is sufficiently connected to the [original MCAD] charge ...” Davis v. Lucent Technologies, Inc., 251 F.3d 227, 233 (1st Cir. 2001); see also 804 Code Mass.Regs. §1.10(6)(a) (“An amendment alleging additional acts constituting unlawful discriminatory practices related to or arising out of the subject matter of the original complaint may be made by Order of the Commissioner. Amendments shall relate back to the original filing date. ’ j. Therefore, “ ‘where the protected categories are related’ or ‘where the predicate facts underlying each claim are the same,’ ” the amendment encompasses the same subject matter of the underlying charge and is not barred. Davis v. Lucent Technologies, Inc., 251 F.3d. at 233, quoting Conroy v. Boston Edison Co., 758 F.Sup. at 58. In undertaking this analysis, “the court will pay particular attention to the factual statement contained in the charge.” Conroy v. Boston Edison Co., 758 F.Sup. at 58.
Sivieri’s allegation of a hostile work environment sexual harassment is intricately related to her claim for sex discrimination, which was filed with MCAD. Indeed, sexual harassment is a form of sex discrimination under G.L.c. 151B. Beaupre v. Cliff Smith & Assocs., 50 Mass.App.Ct. 480, 491 n.16 (2000). Furthermore, the facts alleged in Sivieri’s MCAD complaint underlie both the sexual discrimination and hostile work environment claims. Specifically, in her MCAD complaint, Sivieri alleged, “I have been subjected to unequal terms and conditions by co-workers, especially in supervisory positions ... I am subjected to on-going comments about small children. Jobs are created for employees without children and they are accommodated more often than employees with children.” MCAD Complaint, November 13, 2001. The sex discrimination and hostile work environment claims are both based upon these facts. Her MCAD complaint provided MCAD with both notice and a reasonable opportunity to investigate a potential hostile work environment claim against DTA. See Carter v. Comm’r of Corr., 43 Mass.App.Ct. at 217. Therefore, Sivieri’s claim of hostile work environment sexual harassment is not time-barred.[1]
Sivieri’s allegation of retaliation against DTA is not as clearly related to her MCAD complaint of sex discrimination as is her claim of hostile work environment. In addressing an amendment to an MCAD complaint adding potentially unrelated claims, the Supreme Judicial Court has acknowledged a line of federal cases that stand for the proposition that “a discrimination claim encompasses the allegations of the initial complaint and any resulting investigation that reasonably would be expected to grow out of those charges.” Wynn & Wynn, P.C. v. Mass. Comm’n Against Discrimination, 431 Mass. 655, 672 (2000), and cases cited. The Court noted, however, that “[w]hile the rules of ‘relation back’ are liberal . . . they are not so broad as to encompass any claim that was known to the complainant that could have been brought in a timely fashion.” Id. at 673.
Similar to Wynn, where the Court found that the plaintiffs additional claims of sexual harassment did not “grow out of’ her claim of failure to hire, this court finds that Sivieri’s claim of retaliation does not “grow out of’ her claim of sex discrimination. Id. Significantly, nothing in Sivieri’s MCAD complaint would provide notice to DTA of retaliation nor would an investigation likely lead to DTA discovering that Sivieri was retaliated against. Moreover, Sivieri was aware of the facts underlying her retaliation claim when she filed her initial claim with MCAD, but chose not to pursue such a claim at that time.[2] Accordingly, this court is not inclined to extend the limitations proscribed by G.L.c. 151B, §5 to provide Sivieri with an opportunity to file a claim which she had every opportunity to timely file.
C. Breach of Contract
DTA argues that Sivieri’s claim for breach of contract must be dismissed because it is barred by the exclusivity provisions of G.L.c. 15IB. Furthermore, DTA contends that there was no executed contract between Sivieri and DTA. Sivieri maintains that a contract existed between herself and DTA, and DTA breached the contract when it failed to abide by its own policies in its treatment of its employees.
When a plaintiff has a claim under G.L.c. 151B, as Sivieri does, the ability to bring a common-law claim is limited by the exclusivity provisions of the statute. The Supreme Judicial Court has stated, “[i]nsofar as the plaintiffs common-law claims are merely recast versions of. . . claims under c. 151B, they are barred by that statute’s exclusivity provision.” Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996). However, “an employee [is] not foreclosed by c. 15 IB from raising a tort claim under common-law principles established prior to adoption of c. 151B.” Charland v. Muzi Motors, Inc., 417 Mass. at 586. Therefore, similarly, because the common-law claim of breach of contract was established long before G.L.c. 151B, Sivieri’s breach of contract claim is not foreclosed by the exclusivity provisions of that chapter.
To state a claim for breach of contract, Sivieri must allege “that there was a valid contract, that the defendant breached its duties under the contractual agreement, and that the breach caused the plaintiff damage.” Guckenberger v. Boston Univ., 957 F.Sup. 306, 316 (D.Mass. 1997). Sivieri has sufficiently stated a claim for breach of contract in her complaint. She alleges that DTA made representations and promises with respect to her employment in its Rules of Con *535 duct, and that it failed to live up to these promises, thereby causing her material harm. See O’Brien v. New England Telephone & Telegraph Co., 422 Mass. 686, 691-92 (1996) (a personnel manual may form the basis of a contact). While DTA argues that there are problems with the legal sufficiency of Sivieri’s claim, this court finds that dismissal is not appropriate at this time.[3]
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion to dismiss is DENIED as to Count I (discrimination based on gender), Count II (hostile work environment sexual harassment) and Count IV (breach of contract), and is ALLOWED as to Count III (retaliation).

DTA also argues that Sivieri has not sufficiently stated factual allegations in her complaint that can support harassment on account of her sex. Specifically, DTA asserts that G.L.c. 15 IB does not protect against a hostile work environment based upon parental status. The court has already stated that Sivieri stated a claim for discrimination based on sex because she alleged facts that DTA demonstrated a bias against her parental status because of her sex. Similarly, Sivieri has stated a claim for hostile work environment based on sexual harassment on account of her parental status because of her sex; she has alleged facts that demonstrate DTA created an environment “pervaded by harassment or abuse, with the resulting intimidation, humiliation, and stigmatization, [and that] poses a formidable barrier to the full participation of an individual in the workplace.” Cuddyer v. Stop & Shop Supermarket Co., 434 Mass. 521, 532 (2001), quoting College-Town. Div. of Interco, Inc. v. Massachusetts Comm’n Against Discrimination, 400 Mass. 156, 162 (1987).

Sivieri does not allege in her complaint retaliation based on the filing of her MCAD complaint. See Carter v. Comm'r of Corr., 43 Mass.App.Ct. at 218, quoting Smith v. Mitre Corp., 949 F.Sup. 943, 948 (D.Mass. 1997) (acknowledging as persuasive federal cases which hold “it [is] unnecessary for a plaintiff to exhaust administrative remedies before she can bring to court a retaliation claim not previously made known to the administrative agency, but arising out of a charge filed earlier with that agency”).

Specifically, DTA argues that the collective bargaining agreement between DTA and Sivieri’s union precluded her from filing a law suit without first filing a grievance with her union. This court does not have any evidence of the collective bargaining agreement before it, and will not consider this argument at this time.
Moreover, DTA submitted to this court a copy of a waiver that Sivieri signed which stated that she would not appeal her selection for layoff. DTA argues that by signing the waiver, Sivieri freely waived any rights to appeal her selection for layoff. Sivieri does not appear to challenge her selection for layoff in her complaint, and this court chooses not to second guess the allegations put forth in Sivieri’s complaint. While DTA’s argument may have merit, there are not enough facts currently before the court to address this issue. Generally, if a court considers matters outside of the pleadings, such as documentation of the waiver, it must treat the motion as one for summary judgment. Stop & Shop Cos., Inc. v. Fisher, 387 Mass. 889, 892 (1983). However, because this court is not addressing the waiver at this time, this court will not convert DTA’s motion to dismiss into a motion for summary judgment. See id. at 892-93.