MacLeod, J.
*158 INTRODUCTION
The plaintiff, Leonid Shukhman (“Shukhman”), brought this action against the defendants Northeast Lens Corporation (“Northeast”) and John Flaherty (“Flaherty”) alleging age discrimination in employment underG.L. 151B, §4(1B). This matter is now before the Court on defendants’ motion for summary judgment. For the reasons set forth below, the defendants’ motion for summary judgment is ALLOWED.
SUMMARY JUDGMENT RECORD
The record discloses the following undisputed facts.
Shukhman’s date of birth is September 1, 1953 and he was 41 years old when first employed by Northeast in December of 1994. He was one of Northeast’s original employees and was hired by Flaherty, the president and owner of Northeast, who was 46 years old at that time. Shukhman worked at Northeast’s facility on Oak Street in Newton, Massachusetts, making eyeglass lenses. He began as a lab technician, then advanced to a supervisor and then to an assistant lab manager. The lens-making department at Northeast was the corporation’s largest department. As of 2001 and 2002, about 6 or 7 employees (including Shukh-man) made lenses out of the company’s total 36 or 38 employees. Shukhman performed his duties in an adequate manner. Except for a 1995 warning letter concerning his behavior regarding another Northeast employee, Shukhman received no disciplinary action during his employment. Shukhman’s wife also worked at Northeast, but left in October 1996 to open her own optical store in Allston, Massachusetts.
Northeast began to experience a decrease in sales volume in July 2002, and this decline continued through the summer and fall months. Flaherty relied on a “Monthly Sales Analysis” report to follow sales volume. According to the report, the “Net Sales” were $436,374 in July of 2002 and $380,362 in December of 2002, and the “Jobs Per Day” were 436.71 in July of 2002 and 393.45 in December of 2002. The sales volume continued to decrease through March of 2003 and then began to pick up in April of 2003.
In July of 2002 and thereafter, Flaherty had conversations with the two other shareholders of Northeast, vice president Keith Cross (“Cross”) and lab manager John Shanly (“Shanly”), as well as Jeffery Morgen, Northeast’s accountant. The conversations concerned lay-offs and the reduction of payroll costs. In July of 2002, after consulting with Cross and Shanly, Flaherty decided to lay-off lens maker Gary Greene (“Greene”), who was 56 years old at that time. Flaherty stated in his deposition that he decided to lay-off Greene because his position could be eliminated without adversely affecting production, and because Greene did not take direction well and was not detailed oriented. In October of 2002, Flaherty hired lens maker Scott Parmenter (“Parmenter") who was younger than both Green and Shukhman. Flaherty stated in his deposition that he hired Parmenter, despite continued decline in sales volume, because he felt that Parmenter had managerial potential.
On January 17, 2003, as sales volume continued to decline, Flaherty laid-off Shukhman, who was 49 years old at that time. Duane Landiy (“Landiy”), the other assistant lab manager at that time, was 45 years old. Shukhman stated in his affidavit that while they shared the same title, his and Landiy’s duties were different. Landiy was principally involved with maintenance while Shukhman was principally a lens maker on glass and plastic lines. Flaherty maintains in his deposition that Shukhman and Landiy performed approximately the same function, except that Landry could also do maintenance work and work in the antireflector coating lab. Flaherty stated in his deposition and in Northeast’s Answers to Interrogatories that due to decreasing sales volume, Northeast had to reduce its workforce in order to decrease payroll expenses. Flaherty stated that Northeast determined it could eliminate one of the two assistant lab managers without seriously affecting production. Flaherty further stated that Landiy was more valuable to the company than Shukhman because of his added maintenance skills and his ability to work in the antireflector coating lab.
At the time Shukhman was laid off, three other lens makers were employed at Northeast: Sean Johnson (“Johnson”) who was 38 years old; Yin To (‘To”) who was 47 years old; and Parmenter who was 41 years old. Flaherty stated in his deposition that he chose to lay-off Shukhman instead of Johnson, To, or Parmen-ter because Shukhman received a higher salary as assistant lab manager and therefore greater payroll savings resulted from eliminating Shukhman’s position. Although no one was hired specifically to fill the position of assistant lab manager, Shukhman’s duties were assumed by To, Johnson, Parmenter, and Landry. No one else has been hired at Northeast since Parmenter began in October of 2002. When Shukh-man was laid-off on January 17, 2003, Northeast still employed Louise Fitzgerald (“Fitzgerald”), who was 61 years old, Gail McDonald (“McDonald”), who was 57 years old, and Glenn Kelly (“Kelly”), who was 56 years old. Fitzgerald and McDonald were in the customer service department and Kelly did quality control/inspection.
DISCUSSION
I. Standard of Review
The court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’n of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pedersen v. Time, Inc., 404 Mass. 14, 17 (1989). The court must *159 consider the summary judgment material in a light most favorable to the non-moving party. See Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 438 (1995).
II. Shukhman’s Claims Against Northeast
For purposes of establishing a triable claim of age discrimination under G.L.c. 151B, §4(1B) plaintiff must first make out a prima facie case by establishing: that he was a member of the protected class; that his job performance was acceptable; that he was subject to an adverse employment decision; and that the employer sought to replace him with ayounger person who was no more qualified than the plaintiff. Blare, 419 Mass, at 441; Lee v. President & Fellows of Harvard Coll., 60 Mass.App.Ct. 836, 837 n.2 (2004); Tardanico v. Aetna Life & Cas. Co., 41 Mass.App.Ct. 443, 447 n.4 (1996). In Knight v. Avon Products, Inc., the Supreme Judicial Court held “age discrimination may only logically be inferred when a plaintiff in the protected class, who is performing adequately, is terminated and replaced by someone who is ‘substantially younger.’ ” 438 Mass. 413, (2003), citing O’Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 311-13 (1996) (announcing that it is a plaintiffs burden to establish a substantial age difference between the plaintiff and the replacement). “The greater the difference in age, the stronger the possible inference of discrimination. The converse is also true— the smaller the age disparity, the weaker the possible inference of discrimination. At some point, an age difference simply is too insignificant to make a difference . . . The central question is whether the plaintiff has established a logical basis for a jury to find that the employer would not have taken the same action had the employee been of ayounger age.” Id. at 423-26.
In the situation of a work-force reduction, the fourth prong of establishing a prima facie case “generally becomes immaterial . . . because there is no replacement for the person discharged.” Finney v. Madico, Inc., 42 Mass.App.Ct. 46, 50 (1997). In this context, the plaintiff then has to show that the employer “did not treat [age] neutrally in making its decision to terminate [the plaintiff] or retained [younger] personnel... in the same position.” Lewis v. City of Boston, 321 F.3d 207, 214 (1st Cir. 2003). In Blare, 419 Mass, at 446, the Supreme Judicial Court found that the fact that the plaintiffs employment was terminated and younger personnel, who were not part of the protected class, assumed the plaintiff s duties, was sufficient to establish a prima facie case.
The defendant can rebut the presumption of discrimination by producing some legitimate, nondis-criminatoiy reason for the employee’s termination. Id., citing Abramian v. President & Fellows of Harvard Coll, 432 Mass. 107, 111, 116-17 (2000). If the defendant satisfies that requirement, the burden shifts back to the plaintiff who then needs to produce evidence that the reason articulated by the employer is a pretext for discrimination. Id. at 117-18.
In the present case, when viewing the facts in a light most favorable to the plaintiff, Shukhman has shown: that he is part of a protected class of individuals over 40 years old;[2] that he performed his lens maker role at Northeast at an adequate level; and that he was subject to the unfavorable treatment of being laid-off. However, Shukhman cannot show that he was either replaced with substantially younger personnel, who were not part of the protected class, or that Flaherty, and in turn Northeast, did not treat age neutrally in deciding to lay-off Shukhman.
There is no dispute that Johnson, To, Parmenter, and Landry collectively assumed Shukhman’s duties after his termination, or that they are all younger than Shukhman. However, To, Parmenter and Landry were all over 40 years old and therefore part of the same protected class as Shukhman. See Blare, 419 Mass, at 446. Only Johnson was younger than 40 years old at the time Shukhman was laid off, and he was 38 years old. The age difference between Shukhman and Johnson was a total of eleven years, however Johnson was only two years below the protected class age limit. This age difference between Shukhman and one of the four employees who assumed his duties is, by itself, not enough to establish a logical basis for a jury to find that Northeast would not have taken the same action had the Shukhman been of ayounger age. See Knight, 438 Mass, at 426. Shukhman has not presented evidence that he was replaced or his duties assumed by substantially younger personnel, who were equally or less qualified. Therefore, Shukhman has not established a prima facie case and as such the defendants’ motion for summary judgment is allowed.
Furthermore, even assuming that Shukhman could establish a prima facie case, Northeast has rebutted the presumption of discrimination by articulating a loss in sales volume and the resulting need to reduce the workforce as a lawful reason for laying-off Shukh-man. As credible evidence in support of this reason, Northeast relies on the “Monthly Sales Analysis” report which shows sales volume declining through March of 2003 and increasing slightly in April of 2003. Northeast has also articulated a legitimate reason for laying-off Shukhman as opposed to To, Parmenter, or Johnson: Shukhman was employed in a superior position and as such was paid a higher salary than the other three lensmakers.[3] Therefore, eliminating Shukhman’s position would have the greatest effect in reducing payroll costs. Northeast also articulates a legitimate reason for laying-off Shukhman as opposed to Landry: Landry possessed additional skills in maintenance and in the antireflector coating lab, and therefore was more valuable to Northeast.[4]
Since Northeast has put forth legitimate reasons for laying-off Shukhman, the burden shifts back to Shukhman to show that Northeast’s articulated rea *160 son was a mere pretext for actual discrimination. Shukhman has not put forth any evidence that the reasons Northeast has stated were untrue. He does not dispute that Northeast’s sales volumes were declining or that he was one of two highly paid assistant lab managers. Even if Shukhman had established a prima facie case, he has failed to produce any evidence of pretext, and therefore Northeast is entitled to summary judgment.
III. Shukhman’s Claims Against Flaherty
Shukhman asserts that Flaherty aided and abetted Northeast’s alleged age discrimination against Shukh-man. A claim of aiding and abetting under G.L.c. 151B is entirely deriviative of the underlying discrimination claim. See Abramian, 432 Mass, at 122. Since Shukhman’s claim against Northeast fails, so do any derivative claims. Therefore, Flaherty is also entitled to summary judgment.
ORDER
For the foregoing reasons, it is therefore ORDERED that defendants, Northeast Lens Corporation and John Flaherty’s Motion for Summary Judgment is ALLOWED.

G.L.c. 151B, §1(8) provides that “[t]he term ‘age’ unless a different meaning clearly appears from the context, includes any duration of time since an individuaTs birth of greater than forty years.”

Shukhman does not dispute that his position was superior to that of To, Parmenter, and Johnson, nor does he dispute that he was paid a higher salary.

Shukhman does not dispute that Landry performed maintenance work and work in the antireflector coating lab, while Shukhman did not.